SIEFERT ET AL. *v.* THE VILLAGE OF TERRACE PARK
ET AL.

*Municipal corporations — Assessments — Water mains — Corner lots — Limited to special benefits — Sections 3812, 3819 and 3911, General Code.*

In view of the requirements of Sections 3819 and 3911, General Code, that assessments are to be limited to benefits conferred and that limitations on assessment of private property are to be strictly construed, an assessment by the foot front plan can not be levied against the entire frontage of a corner lot for the laying of water mains.

(Decided June 24, 1918.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Frank H. Kunkel,* for plaintiffs.

*Mr. S. A. West* and *Mr. Carl Phares,* for defendants.

JONES, P. J. This is an action brought to enjoin the collection of an assessment levied on plaintiffs' several lots described in the petition, for the improvement of certain streets and alleys in the village of Terrace Park by laying water pipes therein for the purpose of supplying water to the corporation and the inhabitants thereof.

The power to levy an assessment for the construction of water mains or the laying of water pipes seems to have been first conferred upon a municipal corporation by the amendment to Section 50 of the municipal code, as made April 14, 1904, 97 Ohio Laws, 98, now found in Section 3812, General Code. These assessments are authorized to be made on either one of three plans laid down in Section 3812, General Code, for street improvements and other improvements of that character.

In the assessment complained of the front-foot plan was adopted, being the third subdivision found in Section 3812, General Code.   Three-tenths of the whole cost of the improvement was paid by the municipality and seven-tenths was assessed by the front foot on all the lots and lands bounding and abutting upon the proposed improvement.

Three of plaintiffs' lots—Nos. 3, 48 and 22—are interior lots, the first two fronting on Terrace Place, and No. 22 fronting on Miami avenue, and as to them there is substantially no contention.

But the other two lots belonging to plaintiffs are lot No. 4, which has a diagonal front of 52.64 feet on the east side of Terrace Place, running back on the north side of an unnamed alley for a depth of 305.70 feet; and lot No. 24, which has a frontage of 41.01 on the west side of Miami avenue and a depth of 187 feet more or less along the south side of the said unnamed alley.

In the laying of these water pipes a water main was laid in Terrace Place and in Miami avenue, and also in said unnamed alley; and the assessment was levied at the rate of $0.260735 per front foot, calculated on each foot of said two corner lots, both for the frontage on the street and that on the alley.

It is contended that such an assessment is not in compliance with the law, and that the entire assessment ordinance is therefore invalid, or at least that an assessment should be levied only for the frontage of the lots on the thoroughfare and none for the frontage on the side along the alley.

The advantage derived by a lot or land from the laying of a water main in the street upon which it

fronts arises from the opportunity given to tap such main for the purpose of securing water service on the said lot. It is quite evident that as a practical proposition but one such service is required for a narrow lot situated as are the two corner lots involved in this case. These lots are neither of them in excess of fifty feet in width, and are not susceptible of subdivision, and would derive little if any special benefit from the fact that a water main is laid lengthwise along the alley side as well as along the front of the lot.

As above stated, authority for an assessment for the laying of water mains has only existed in the laws since 1904, and the present case is the only assessment for that purpose which has come to the attention of this court. But such an assessment being for bringing water upon abutting lots is analogous in its nature to a sewer assessment, which is for the purpose of draining away water and sewage that might accumulate on premises. Assessments for sewerage have been authorized since the first adoption of the municipal code. In the Revised Statutes recognition was made of the fact that a corner lot, as a general rule, should not be required, in an assessment by the front foot, to pay for the entire frontage on both sides of the corner. This recognition was found in Section 2383, Revised Statutes, which provided that council might exempt from assessment "such portion of the frontage of any lot having a greater frontage than its average depth, and so much of any frontage of corner lots, as to it may seem equitable." This exemption as to sewers has not been carried into the present General Code, for

the reason probably that the legislature deemed it unnecessary, because of the general limitation as to assessments provided by Section 3819, General Code, which requires council to limit all assessments to the specific benefit conferred upon the property assessed; and by Section 3911, General Code, which requires a strict construction as to the limitations on the assessment of private property.

Frequent discussions and numerous changes have been made as to the regulation and construction of the laws relating to the assessment of corner lots since the decision in the case of *Haviland et al.* v. *City of Columbus et al.,* 50 Ohio St., 471. That case, however, has been finally overruled by *The City of Youngstown* v. *Fishel,* 89 Ohio St., 247; and Section 3812, General Code, has been finally construed to require the assessment of a corner lot by the front foot on both of its fronts.

So far as the matter of form goes, the assessment is therefore in accordance with the law, which was so construed as to sewers, in *Davis* v. *Village of Hartwell,* 10 N. P., N. S., 46.

Testimony was heard as to the special benefits conferred upon plaintiffs' lots by this improvement, and an analysis of that testimony requires the court to find that the special benefit conferred upon the two corner lots is no greater than it would have been by the laying of water mains upon Terrace Place and Miami avenue only. In other words, that so much of the assessment as is levied on these lots for their respective frontages on the unnamed alley is in excess of any special benefits

to them, and it's collection must therefore be enjoined.

As was well stated in *Walsh* v. *Barron, Treas.,* 61 Ohio St., 15:

"The fundamental principle underlying an assessment made on property for the cost and expense of a local public improvement is, that the property is specially benefited by the improvement beyond the benefits common to the public, and that a ratable assessment of the property to the extent of these benefits violates no constitutional right of the owner, and is just and proper. But it can in no case exceed the benefits without impairing the inviolability of private property."

The above case affirms and approves the doctrine of *Chamberlain* v. *City of Cleveland et al.,* 34 Ohio St., 551. And under the rule laid down in *Walsh et al.* v. *Sims, Treas., et al.,* 65 Ohio St., 211, the court is authorized to determine wherein the amount assessed exceeds the special benefits conferred upon the property, and what portion of the assessment should be sustained.

We therefore hold that the assessment as against plaintiffs' lots is valid except as to the amounts for the alley frontages of Nos. 4 and 24, the two corner lots, which are illegal.

*Judgment accordingly.*

WILSON and HAMILTON, JJ., concur.