**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1886
_____

UNITED STATES OF AMERICA

v.

JULIUS GREER,
a/k/a
POONY

Julius Greer,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-10-cr-00711-001)
District Judge:  Hon. John R. Padova

Mandate of the Supreme Court of the United States issued May 23, 2014
Submitted on July 15, 2014 After Remand by the Supreme Court

Before: FUENTES, CHAGARES, and BARRY, Circuit Judges.


(Filed: March 31, 2016)
_____

OPINION
_____

CHAGARES, Circuit Judge.

After we affirmed Julius Greer's judgment of conviction in 2013, the Supreme Court remanded the case for reconsideration in light of its opinion in Alleyne v. United States, 133 S. Ct. 2151 (2013). We will remand for resentencing.

I.

Greer was indicted for robbery, conspiracy to commit robbery, felon in possession of a firearm, and using and carrying — and aiding and abetting the use and carrying of — a firearm during a crime of violence. A jury convicted him on all counts.

At sentencing, Greer objected to the Presentence Report's application of a seven-year mandatory minimum for the use of a firearm during a crime of violence count. Although the indicted offense carried a mandatory minimum of five years, the Presentence Report applied a two-year enhancement, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), for "brandish[ing]" the firearm. The District Court overruled the objection, given our precedent, which at the time did not require a jury finding on the brandishing question.

The District Court then sentenced Greer to a 96-month prison term for robbery, conspiracy to commit robbery, and felon in possession of a firearm, consecutive to a term of 84 months for brandishing a firearm during a crime of violence, for a total sentence of 180 months of imprisonment.

Greer appealed and we affirmed his sentence. United States v. Greer, 527 F. App'x 225 (3d Cir. 2013). Five days after we decided the appeal, the Supreme Court held in Alleyne that the § 924(c) brandishing provision is an "element of a separate, aggravated offense that must be found by the jury." 133 S. Ct. at 2162. The Supreme

2

Court remanded Alleyne's case, who also had been subject to a seven-year mandatory minimum, despite the lack of a jury finding that he had brandished a firearm, for "resentencing consistent with the jury's verdict." Id. at 2164.

Greer petitioned for rehearing before us, raising the Alleyne issue. We denied the petition for rehearing. Greer then petitioned the Supreme Court for a writ of certiorari. The Supreme Court vacated the judgment against Greer, and remanded the case to us "for further consideration in light of" its holding in Alleyne. Greer v. United States, 134 S. Ct. 1875 (2014).

## II.[1]

The Government argues that Greer's sentence should be affirmed, despite the Supreme Court's ruling in Alleyne, because (1) Greer did not raise the issue decided in Alleyne in his opening brief on appeal, and (2) any error was harmless. Both arguments lack merit.

## A.

An appellant who fails to raise an issue in his or her opening brief forfeits "that issue on appeal . . . absent exceptional circumstances." United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005). Greer did not argue in his opening brief before us that brandishing was an element to be found by the jury. However, the Supreme Court subsequently overturned its decision in Harris v. United States, 536 U.S. 545 (2002), see Alleyne, 133 S. Ct. at 2155 ("Harris is overruled."), which constitutes an exceptional

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over Greer's appeal pursuant to 28 U.S.C. § 1291.

3

circumstance.  Accordingly, Greer's argument that the § 924(c) brandishing question should have been decided by a jury was not forfeited and may be pursued in this appeal.

B.

The Government also argues that any error in failing to submit the brandishing element to the jury was harmless.  "[H]armless-error review for a sentencing error requires a determination of whether the error would have made no difference to the sentence."  United States v. Lewis, 802 F.3d 449, 456 (3d Cir. 2015) (en banc) (quotation marks omitted) (applying this standard to Alleyne error); see also Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded.").

The District Court sentenced Greer to 84 months in prison — the mandatory minimum — for brandishing a firearm under § 924(c).  We cannot know what sentence the District Court would have imposed had the applicable mandatory minimum been 60 months, but we cannot conclude that the error made no difference.  See, e.g., United States v. Lara-Ruiz, 721 F.3d 554, 558 (8th Cir. 2013) (remanding after Alleyne even where district court emphasized that sentence would be the same if five-year mandatory minimum applied instead of seven years for brandishing).  Because the error was not harmless, we will remand for resentencing.

III.

For the reasons discussed above, we will remand for resentencing consistent with the Supreme Court's holding in Alleyne and the jury's verdict.

4