NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3243
_____

UNITED STATES OF AMERICA

v.

KENYATTA ROBINSON,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-14-cr-00064-001)
District Judge: Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2016

Before: AMBRO, SMITH, and FISHER, Circuit Judges

(Opinion filed: September 28, 2016)
_____

OPINION[*]
_____

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kenyatta Robinson appeals his conviction of two counts of drug possession with intent to distribute. For the reasons that follow, we affirm the judgment of the District Court.

## I.

In August 2011, Robinson was paroled to a halfway house while serving an eight-year sentence for cocaine and heroin distribution. Robinson absconded from the halfway house in December 2011, and a warrant was issued for his arrest.

In November 2013, the Pittsburgh Police Department received a tip that Robinson was staying at his mother's house. Pittsburgh Police Detective and FBI Task Force Officer Sean Rattigan—who was familiar with Robinson based on a previous arrest—set up surveillance and observed Robinson getting into a Chevrolet Tahoe, driving to another location, and returning to his mother's house after fifteen or twenty minutes. When Robinson got out of the Tahoe, Rattigan saw Robinson reach into a shopping bag and remove what appeared to be a small, white bag and place it in his right front pants pocket. Rattigan believed the bag contained cocaine.

Shortly thereafter, members of the U.S. Marshals Service Task Force arrested Robinson on the porch of his mother's house. Robinson dropped the keys to the Tahoe before being arrested and during a pat-down search officers found a bag containing white residue in his pocket. A field test of the residue was positive for cocaine. Officers also called for a K-9 unit and the dog alerted to the presence of drugs on the driver's side of the vehicle. At that point, Rattigan decided to seek a search warrant for the Tahoe and tow it to Police headquarters. As he awaited the tow truck, Rattigan entered the unlocked

Tahoe, put the key in the ignition, rolled up the windows, locked the doors from the inside, and shut the door. After it was towed, a Judge of the Allegheny County Court of Common Pleas issued a search warrant for its contents. Officers searched the vehicle at Police headquarters and found United States currency, a digital scale, crack cocaine, powder cocaine, heroin, and marijuana. Officers also found Robinson's wallet with his identification on the center console and documents showing that the Tahoe was registered to Robinson's mother.

Robinson was arrested and charged with one count of possession with intent to distribute 280 grams or more of crack cocaine and one count of possession with intent to distribute less than 500 grams of cocaine. 21 U.S.C. § 841(a)(1). He moved to suppress the evidence seized from the Tahoe, arguing the search warrant application contained false statements and the police had twice searched the vehicle without probable cause— once in a "sneak peek" search before the warrant was issued and once more at Police headquarters. The District Court held a suppression hearing and denied Robinson's motion. It assumed Robinson had standing to challenge the search and held that it was lawful under the automobile exception notwithstanding any alleged false statements in the warrant application. The Court also rejected Robinson's claim of a sneak peek search and found the officers did not search the Tahoe before towing it to Police headquarters.

Robinson proceeded to a bench trial. The Court convicted him of all counts and, after post-trial motions, sentenced him to 360 months' imprisonment. This appeal followed, in which Robinson argues that the District Court should have suppressed

3

evidence seized from the Tahoe and that the admission of hearsay testimony at the suppression hearing violated his rights under the Confrontation Clause.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have appellate jurisdiction per 28 U.S.C. § 1291. "We review factual determinations made on a motion to suppress for clear error and legal determinations *de novo*." *United States v. Harrison*, 689 F.3d 301, 306 (3d Cir. 2012). Because Robinson did not raise his Confrontation Clause argument below, we review it for plain error. *United States v. Moreno*, 809 F.3d 766, 773 n.3 (3d Cir. 2016). Under this standard, Robinson must show (1) an error, (2) that is plain, and (3) that affects substantial rights. *United States v. Mussare*, 405 F.3d 161, 168 (3d Cir. 2005). If he makes this showing, we will review a forfeited error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

## III.

We begin with the motion to suppress. In sum, we agree with the District Court that the search of the Tahoe fell within the automobile exception to the warrant requirement.[1] This "permits vehicle searches without a warrant if there is probable cause to believe that the vehicle contains evidence of a crime." *United States v. Donahue*, 764 F.3d 293, 299–300 (3d Cir. 2014) (internal quotation omitted). Before police searched the Tahoe, Rattigan observed Robinson reach into a shopping bag inside the vehicle and

---

[1] We assume for purposes of this appeal that Robinson—a convicted felon who had absconded from a halfway house and was not the owner of the Tahoe—had standing to challenge the search. We note, however, that a fugitive may not possess a legitimate expectation of privacy when he is hiding from law enforcement. *See United States v. Donahue*, 764 F.3d 293, 299 (3d Cir. 2014).

4

remove a small white bag, the contents of which tested positive for cocaine. These facts alone provided probable cause for a search of the Tahoe because there was a "fair probability that contraband or evidence of a crime" would be found. *Id.* at 301 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Robinson's arguments on appeal boil down to claiming that the officers who testified at the suppression hearing lied about what they saw. But the District Court found the officers' testimony coherent, plausible, and, most critical for our purposes, credible. Applying clear error review, we see no reason to disturb these findings. Accordingly, Robinson has not shown that the Court erred in denying his motion to suppress.

We next address Robinson's Confrontation Clause argument. At the suppression hearing, Rattigan testified that another officer told him that the K-9 unit had alerted to the presence of drugs in the Tahoe. Robinson argues that the admission of this testimony violated his Sixth Amendment right to confront witnesses. The Supreme Court has never suggested, however, that the Confrontation Clause applies during a pre-trial suppression hearing. *See Crawford v. Washington*, 541 U.S. 36, 53-54 (2004) (noting that Confrontation Clause bars admission of testimonial statements of "a witness who did not appear *at trial* unless he was unavailable to testify") (emphasis added); *United States v. Raddatz,* 447 U.S. 667, 679 (1980) ("This Court on other occasions has noted that the interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself. At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial."); *Barber v. Page,* 390 U.S. 719, 725 (1968) ("The right to confrontation is basically a trial right."). Indeed,

5

at least one court has explicitly rejected the notion of confrontation rights at a suppression hearing. *Ebert v. Gaetz*, 610 F.3d 404, 414 (7th Cir. 2010). Accordingly, even if we accept Robinson's argument that he was entitled to confront the source of Rattigan's testimony, it was not plain error for the District Court to permit Rattigan to testify about what another officer told him.

\*     \*     \*     \*     \*

For these reasons, we affirm the judgment of the District Court.