**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1609
_____

UNITED STATES OF AMERICA

v.

RONALD GALATI,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D. C. Criminal No. 1-14-cr-00173-001)
District Judge:  Honorable Joseph H. Rodriguez

Argued on April 28, 2016
Before:  MCKEE, Chief Judge[*], JORDAN and ROTH,
Circuit Judges

(Opinion filed: December 19, 2016)

[*]Honorable Judge McKee was Chief Judge at the time this appeal was argued. Judge McKee completed this term as Chief Judge on September 30, 2016.

Brett G. Sweitzer, Esquire          (**Argued**)
Federal Community Defender Office for
the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106

*Counsel for Appellant*

Mark E. Coyne, Esquire          (**Argued**)
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102

*Counsel for Appellee*

O P I N I O N

**ROTH**, Circuit Judge

After an eight day trial, a jury found that Ronald Galati had participated in a murder-for-hire scheme that culminated with the intended victim, Andrew Tuono, being shot in his hand, pelvis, and lower back. Galati was charged and convicted under 18 U.S.C. §§ 924(c) and 924(o) for aiding and abetting the use of a firearm during and related to a crime

of violence and conspiring to do the same. Galati appeals these convictions and asks us to find that using interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958, is not a "crime of violence." Following our decision in *United States v. Robinson*,[1] we will look at all of Galati's contemporaneous convictions in determining whether or not he has aided and abetted the discharge of a firearm during a crime of violence. Based on the facts found by the jury, Galati committed a crime of violence. Accordingly, we will affirm his convictions.

## I.

On November 30, 2013, two masked gunmen fired shots outside the Atlantic City home of Andrew Tuono. Both Tuono and Tiffany Galati, Tuono's girlfriend and Ronald Galati's daughter, were present at the time of the shooting. While Tiffany was unharmed, Tuono was struck in his hand, pelvis, and lower back. As the gunmen fled, they were quickly apprehended by police. After their apprehension, the gunmen claimed they had been hired Ronald Galati to kill Tuono. On April 2, 2014, a grand jury in the District of New Jersey returned an indictment charging Galati and Jerome Johnson with one count of soliciting murder for hire resulting in personal injury, in violation of 18 U.S.C. § 1958; one count of causing a firearm to be discharged in the commission of a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 924(c); and two counts of conspiring to commit the aforementioned offenses, in violation of 18 U.S.C. §§ 924(o) and 1958.

---

[1] --- F.3d. --- (3d Cir. 2016).

3

At trial, Johnson and the two gunmen, who had pled guilty, testified against Galati. According to the gunmen, Galati provided information as to where Tuono could be found and promised to pay if he were killed. Johnson testified that Galati telephoned Johnson on the day of the planned murder to tell him that Tuono was in Atlantic City. Johnson promptly drove the gunmen from Philadelphia to Atlantic City.

The jury returned a verdict finding Galati guilty on all counts. Galati appealed.

## II.

The only issue Galati has raised on appeal is whether he was wrongly convicted under 18 U.S.C. § 924(c) of aiding and abetting the discharge of a firearm during a crime of violence and under 18 U.S.C. § 924(o) of conspiring to do the same.[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## III.

Galati's conviction under 18 U.S.C. § 924(c) required a showing that he aided and abetted the knowing and willful

---

[2] In his reply brief, Galati claims that the District Court erroneously sentenced him to an uncharged, aggravated count of violating 18 U.S.C. § 1958. Because this was not raised in Galati's first brief, we consider the issue waived, and we note that even if the issue had been properly raised, the alleged error did not affect Galati's aggregate sentence.

discharge of a firearm during and in relation to a "crime of violence." He now advances the argument that his participation in a murder-for-hire scheme in violation of 18 U.S.C. § 1958 is not a crime of violence and therefore his conviction under § 924(c) cannot stand. Because Galati did not raise any objections below, we will review for plain error.[3]

Section 924(c) offers two alternative definitions for "crime of violence." The first definition encompasses crimes that have "the use, attempted use, or threatened use of physical force against the person or property of another" as one of their elements (the "elements clause").[4] The second definition covers crimes that involve "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause").[5] Galati argues that violation of 18 U.S.C. § 1958 is not a crime of violence under the elements clause and that the residual clause is void for vagueness in light of the Supreme Court's decision in *Johnson v. United States*.[6]

We recently explored the boundaries of what constitutes a "crime of violence" under § 924(c) in *United States v. Robinson*.[7] *Robinson* involved a defendant convicted of Hobbs Act robbery, in violation of 18 U.S.C. §

---

[3] *United States v. Saada*, 212 F.3d 210, 223 (3d Cir. 2000).

[4] 18 U.S.C. § 924(c)(3)(A).

[5] *Id.* § 924(c)(3)(B).

[6] 135 S. Ct. 2551 (2015) (invalidating a clause defining "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1)).

[7] --- F.3d --- (3d Cir. 2016).

5

1951, who had concurrently been charged with brandishing a firearm during a crime of violence under § 924(c). Robinson argued, as Galati has here, both that his charged offense was not a crime of violence under the elements clause and that the residual clause was void for vagueness. In affirming the District Court's conviction, we held that whether a particular crime is a "crime of violence" under the elements clause of § 924(c) depends on the findings of the jury both as to the predicate offense and the contemporaneous § 924(c) offense. Because a jury had found beyond a reasonable doubt both that Robinson had committed Hobbs Act robbery—an element of which is the use of "actual or threatened force, or violence, or fear of injury . . . to person or property"[8]—and that Robinson had brandished a firearm in the course of committing Hobbs Act robbery, we held that Robinson had properly been found to have committed a crime of violence. Accordingly, we declined to reach the defendant's challenge to the validity of the residual clause.

Galati's case bears striking resemblance to Robinson's. Both defendants argued that the minimum conduct prohibited by their offenses did not have "the use, attempted use, or threatened use of physical force against the person or property of another" as an element. However, in both cases, a jury determined that a firearm had been used in the commission of the offense, and in both cases the use of a firearm indicates the use, attempted use, or threatened use of physical force in the commission of the offense. Thus, on the facts found by the jury, we agree with the District Court that Galati committed a "crime of violence."

---

[8] 18 U.S.C. § 1951(b)(1).

6

As we stated in *Robinson*, determining whether a particular crime is a crime of violence under § 924(c) requires us to look at all the offenses before the jury to the extent that these offenses shed light on whether physical force was used, attempted, or threatened in committing the predicate offense. The jury found that Galati had either caused another to knowingly or intentionally travel in interstate commerce or use any facility of interstate commerce with the intention of committing murder-for-hire, or had done so himself. Further, the jury found that this activity resulted in personal injury to Andrew Tuono.

While Galati claims that the element of personal injury was not charged in his indictment, this is irrelevant for the purposes of determining whether or not he has committed a crime of violence. As we have previously observed, prosecution under § 924(c) requires that the government prove the defendant committed a qualifying offense but does not require that the defendant be charged or convicted of such an offense.[9] Whether the matter was properly charged or not, the jury in this case found that Galati's participation in the murder-for-hire scheme resulted in personal injury. Finally, the jury concluded that Galati aided and abetted the discharge of a firearm in connection with the aforementioned activity. Thus, the question before us is not whether violation of 18 U.S.C. § 1958 is a crime of violence, but whether violation of 18 U.S.C. § 1958 that results in personal injury and during which a firearm is discharged is a crime of violence. The discharge of a firearm, coupled with resulting personal injury, qualifies as a use of physical force. Therefore, we hold that Galati committed a crime of violence as defined in 18 U.S.C.

---

[9] *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998).

§ 924(c)(3)(A), and we decline to reach his challenge to the residual clause.[10]

## IV.

Galati's effort to cast his involvement in a scheme that ended with a man being shot as lacking the use of physical force is creative, but his arguments defy our recent precedent. Accordingly, we will affirm the convictions.

---

[10] Appellant argues that our recent decision in *Baptiste v. Attorney Gen.*, No. 14-4476, 2016 WL 6595943, at *7 (3d Cir. Nov. 8, 2016) forecloses our application of 18 U.S.C. § 924(c)'s residual clause. Although we do not rely on the residual clause to resolve this case, we note that *Baptise* is not necessarily applicable here. In *Baptiste*, the Court considered whether the defendant's *prior* state conviction constituted a predicate violent offense. Our inquiry here, however, asks whether a federal offense that was *contemporaneously* tried with § 924(c) possession may properly serve as a predicate offense. Resolution here is distinguishable because it does not require consideration of a prior state conviction.