NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-1996

———————

UNITED STATES OF AMERICA

v.

JULIUS GREER
a/k/a
"POONY"

Julius Greer,
                         Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-10-cr-00711-01)
District Judge: Honorable John R. Padova

———————

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2018

Before: MCKEE, AMBRO, and RESTREPO, <u>Circuit Judges</u>

(Opinion filed: May 16, 2018)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, Circuit Judge

Julius Greer appeals from the sentence that was imposed following the Supreme
Court's remand of his appeal from his original conviction for Hobbs Act robbery based
on the Court's subsequent decision in *Alleyne v. United States.*[1] For the reasons that
follow, we will affirm the district court's rejection of the arguments Greer made
following that remand.

## I.[2]

Greer raises two issues in this appeal. First, he asserts that the district court erred
in denying his motion to dismiss the indictment for a purported Speedy Trial Act
violation. Second, he claims that his conviction under 18 U.S.C. § 924(c) must be vacated
because Hobbs Act robbery is not a crime of violence under that statute.

A. *Speedy Trial Act*

The Speedy Trial Act requires that a defendant be tried within seventy days of his
indictment, information, or arraignment, whichever is later.[3] After seventy days have
elapsed, a defendant may move to dismiss the charges against him and the indictment
"shall be dismissed."[4] When ruling on a motion to dismiss an indictment for purported
Speedy Trial Act violations, the district court must identify and tally the days included on

---

[1] 133 S.Ct. 2151 (2013). The Court granted Greer's petition for certiorari after we
affirmed his conviction on direct appeal. *See United States v. Greer*, 645 Fed. Appx. 205
(3d Cir. 2016).
[2] The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction
over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.
[3] 18 U.S.C. § 3161(c)(1).
[4] 18 U.S.C. § 3162(a)(2).

the speedy trial clock and count toward the seventy-day limit.[5] The district court may, however, exclude certain days from this calculation, including delays that resulted from the pretrial motions and court continuances.[6]

The parties agree that this appeal centers on the district court's exclusion of the thirty-three days that elapsed from May 25, 2011 to June 27, 2011.[7] The district court ostensibly excluded that time after granting the government's April 28th motion for a continuance.[8] However, the government sought that continuance because the assigned prosecutor was scheduled to begin another trial on May 9th—the same day Greer's trial was to begin.[9] That scheduling conflict was presumably resolved by the time the court granted the government's request on May 24th. Accordingly, the court erred in granting the government's continuance request based on a nonexistent scheduling conflict.

However, Greer's counsel did not object to that continuance. Instead, after the court scheduled trial for June 27, 2011, he indicated his consent by stating: "that's fine."[10] Additionally, Greer did not specifically challenge the district court's decision to exclude this time period from its Speedy Trial Act calculation when he moved to dismiss the indictment.[11] When, as here, a defendant fails to object to an alleged error, that error

---

[5] *Zedner v. United States,* 547 U.S. 489, 507, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006).
[6] 18 U.S.C. § 3161(h)(1)(D) & (7)(A).
[7] Br. for Appellant, 34–37; Br. for Appellee, 16.
[8] Specifically, in granting the order the District Court wrote that "the failure to grant this continuance would result in a miscarriage of justice, and would unreasonably deny the government continuity of counsel and the reasonable time necessary for effective preparation, taking into account the exercise of due diligence[.]" App. 119.
[9] App. 59–60.
[10] App. 115.
[11] App. 122–23.

is considered "forfeited" and we may review for plain error.[12] Accordingly, we may reverse only if, *inter alia*, "the error 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.'"[13] Greer contends that he satisfied this standard because the violation was both "blatant and egregious."[14] We disagree.

There is nothing in the record to suggest that the district court's erroneous decision to grant the government's moot continuance request affected the outcome of this case. Greer does not allege, for example, that he was unable to present evidence or locate witnesses as a result of the delay.[15] In fact, he does not proffer anything to suggest that the delay seriously affected the judicial proceedings. We therefore decline to find plain error and affirm the denial of his motion to dismiss.

### B. *Hobbs Act Robbery and § 924 Convictions*

Greer also contends that his conviction under § 924(c)(3)(B) must be vacated because Hobbs Act robbery is not a "crime of violence." He advances three arguments in support of this point. First, he claims that his Hobbs Act conviction cannot be considered a crime of violence under § 924(c)(3)(B)'s residual clause because that clause is void for vagueness.[16] Next, he claims that the substantive offense of Hobbs Act robbery does not

---

[12] *U.S. v. Vampire Nation*, 451 F.3d 189, 203 (3d Cir. 2006) (quoting *U.S. v. Dobson*, 419 F.3d 231, 236 (3d Cir. 2005)).
[13] *Id.*
[14] Br. for Appellant, 37.
[15] *See Barker v. Wingo*, 407 U.S. 514, 532 (1972) ("If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past."); *United States v. Young*, 657 F.3d 408, 420 (6th Cir. 2011) (discussing witness unavailability an alleged spoliation of mitigation evidence as a result of a Speedy Trial violation).
[16] Br. for Appellant, 41.

qualify as a crime of violence under § 924(c)(3)(A) because it does not require the "use, attempted use, or threatened use of violent physical force."[17] Finally, he asserts that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A) for the same reason.

However, we have already held that Hobbs Act robbery qualifies as a predicate crime of violence under § 924(c)'s elements clause when a defendant is contemporaneously convicted of both crimes.[18] Greer was convicted of Hobbs Act robbery and carrying or using a firearm during the commission of that robbery, and it is therefore clear that the jury found that Greer's robbery "sprang from the barrel" of a gun.[19] Thus, it qualifies as a crime of violence. Accordingly, we will affirm Greer's conviction under 18 U.S.C. § 924(c) and need not address Greer's other two grounds for challenging his Hobbs Act conviction.[20]

**II**.

For the foregoing reasons, we will affirm.

---

[17] *Id.* at 41.

[18] *United States v. Robinson*, 844 F.3d 137, 139 (3d Cir. 2016); *United States v. Galati*, 844 F.3d 152, 154–55 (3d Cir. 2016).

[19] *Robinson*, 844 F.3d at 144.

[20] *See Robinson*, 844 F.3d at 141 (holding that we need not address a challenge to the § 924(c)'s residual clause when it is clear that Hobbs Act robbery is a crime of violence under the elements clause).