NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1970
_____

UNITED STATES OF AMERICA

v.

ANDREW WHITE,
a/k/a Darnell White
a/k/a F
a/k/a Mikey F
a/k/a Durrell
aka Jerrell

Andrew White,
    Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-08-cr-00161-002)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
February 7, 2017

Before: SMITH, Chief Judge,  AMBRO and FISHER, Circuit Judges

(Opinion filed February 7, 2017)

_____

OPINION[*]

_____

AMBRO, <u>Circuit Judge</u>

In June 2010, Andrew White was sentenced to 196 months' imprisonment following an armed robbery with two accomplices of a speakeasy. He was convicted of Hobbs Act conspiracy and robbery in violation of 18 U.S.C. § 1951(a), use and carrying of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and attempted witness tampering in violation of 18 U.S.C. § 1512(b). He was later resentenced to 160 months. White challenges his sentence claiming that his Hobbs Act robbery conviction is not a predicate crime of violence under 18 U.S.C. § 924(c) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). We disagree.[1]

In *Johnson* the United States Supreme Court invalidated the so-called residual clause contained in § 924(e) of the Armed Career Criminal Act ("ACCA"). 135 S. Ct. at 2557. It imposed a mandatory minimum of 15 years' imprisonment on those who were in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] White also contends his sentence is in violation of 18 U.S.C. § 3551(b)(3), which provides that "[a]n individual found guilty of an offense shall be sentenced . . . to . . . a term of imprisonment as authorized by subchapter D [18 U.S.C. §§ 3581-85]." He asserts that because his sentence exceeds that which is authorized for his particular felony under subchapter D, the mandatory minimum applied to his conviction under § 924(c) was unlawful. This argument goes nowhere, as 18 U.S.C. § 3551(a) provides that this authorization applies "except as otherwise specifically provided [by statute] . . . ." Moreover, the Supreme Court specifically has upheld § 924(c)'s mandatory minimum sentence. *See Abbott v. United States*, 562 U.S. 8 (2010).

possession of a firearm and who had been convicted of three or more "violent felonies," which included crimes involving "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court determined that clause to be unconstitutionally vague.

White contends that the Court's invalidation of § 924(e)'s residual clause similarly invalidates the residual clause contained in § 924(c). That subsection imposes a sentence enhancement if a defendant uses a firearm during the commission of a "crime of violence," which includes a felony that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). White asserts that he was improperly convicted under that provision of the ACCA because it is identically unconstitutionally vague, and therefore his Hobbs Act robbery conviction is not a "crime of violence" within the meaning of that provision. We need not address that issue, however, because § 924(c) also defines a "crime of violence" as a felony involving "the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A).

Recently we addressed this issue in *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016). There we held that Hobbs Act robbery is a crime of violence within the meaning of § 924(c)(3)(A) because it involves a robbery "by means of actual or threatened force." *Id.* at 143-44 (quoting 18 U.S.C. § 1951(b)(1)). Although *Robinson* dealt with a defendant who had brandished a firearm while committing the robbery—rather than using or carrying a firearm, as White did—the concurrence noted that the underlying facts made no difference. *Id.* at 151. The Hobbs Act criminalizes a robbery

3

that involves use of "actual or threatened force"; § 924(c) imposes a sentence enhancement for the commission of a crime that involves "the use, attempted use, or threatened use of physical force" when the defendant also "uses or carries a firearm." Accordingly, "[t]he definition of Hobbs Act robbery borrows conceptually, if not linguistically, from § 924(c)(3)(A)'s definition of 'crime of violence.'" *Id.* at 144.

White was convicted of Hobbs Act robbery while using or carrying a firearm.[2] Thus his conviction stands under § 924(c)(3)(A), and we need not address his challenge to that statute's residual clause. We will affirm.[3]

---

[2] White admits that during the robbery he was "armed with guns and ordered customers of the speakeasy to the floor taking money and cellular phones." Brief for White at 3.

[3] White's counsel has also filed a Petition to Withdraw as Counsel. We agree with counsel's assertion that, given the aforementioned discussion, there are no nonfrivolous issues for appellate review. Because counsel has satisfied his requirements in moving to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 378 (1967), we will grant his Petition.