**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1784

_____

UNITED STATES OF AMERICA,

v.

GEORGE STONEY, a/k/a/ Butchy,
                        Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-14-cr-00015-002)
District Judge: Honorable Sylvia H. Rambo

_____

Argued November 9, 2022

(Filed: March 10, 2023)

Before: JORDAN, RESTREPO, and SCIRICA, *Circuit Judges*

Daryl F. Bloom, Esq.
OFFICE OF UNITED STATES ATTORNEY
Middle District of Pennsylvania
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

Stephen R. Cerutti, II, Esq.
OFFICE OF UNITED STATES ATTORNEY
Middle District of Pennsylvania
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

Carlo D. Marchioli, Esq.          **[Argued]**
OFFICE OF UNITED STATES ATTORNEY
Middle District of Pennsylvania
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108


        *Counsel for Appellee*

Frederick W. Ulrich, Esq.          **[Argued]**
OFFICE OF FEDERAL PUBLIC DEFENDER
100 Chestnut Street
Suite 306
Harrisburg, PA 17101

        *Counsel for Appellant George Stoney*

---

## OPINION OF THE COURT

---

**RESTREPO**, *Circuit Judge*

Armed robbery is a violent crime. Accepting responsibility by a guilty plea does not diminish its seriousness. And it certainly does not permit a defendant to downplay the crime committed. George Stoney admitted to pointing a loaded firearm at victims during a robbery with two other masked men. The robbery was successful. We reject his attempt to minimize the crime he committed to avoid an additional felony conviction under § 924(c)(1)(A).

## I. BACKGROUND

Stoney appeals the District Court's denial of his second or successive motion pursuant to 28 U.S.C. § 2255, challenging his conviction for the Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A). In 2014, Stoney pleaded guilty and admitted to committing a completed Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). But he now argues that we should treat his crime as an attempted Hobbs Act robbery, which fails to qualify as a predicate crime of violence under § 924(c)(3)(A) following the recent decision in *United States v. Taylor*, 142 S. Ct. 2015, 2021 (2022). Alternatively, he contends that even if we find he committed a completed Hobbs Act robbery, his conviction, based on

*Pinkerton*[1] liability and aiding and abetting, does not qualify as a crime of violence under § 924(c)(3)(A).

## A. STATUTORY FRAMEWORK

To evaluate Stoney's appeal, we must look at § 1951 and § 924(c) generally. If a person is convicted of Hobbs Act robbery, he or she faces up to 20 years in prison. *See* 18 U.S.C. § 1951(a). If the offense also qualifies as a crime of violence under § 924(c)(3)(A), the person faces an additional felony conviction and further punishment for using a firearm during the crime. *See* 18 U.S.C. § 924(c)(1)(A); *see also Taylor*, 142 S. Ct. at 2019. Section 924(c) requires the government to prove that the person committed a qualifying predicate crime of violence. *United States v. Galati*, 844 F.3d 152, 155 (3d Cir. 2016). Nevertheless, a defendant need not be separately charged with or convicted of the predicate crime. *Id.* The statute defines a "crime of violence" to be "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This clause is known as the "elements clause."[2]

---

[1] 328 U.S. 640 (1946).

[2] In 2019, the Supreme Court ruled that § 924(c)(3)(B), also known as the "residual clause" and previously an alternate avenue for defining a "crime of violence," is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2323–24 (2019) (holding that the language of the residual clause was unconstitutionally vague and violated the Due Process Clause). Therefore, now only § 924(c)(3)(A), the "elements clause," contemplates whether a felony offense qualifies as a crime of violence.

Whether or not a crime qualifies as a "crime of violence" under § 924(c)(3)(A) carries significant consequences.  It can affect whether a person is eligible for early release.  18 U.S.C. § 3621(e)(2)(B); *see also Gardner v. Grandolsky*, 585 F.3d 786, 792 (3d Cir. 2009).  It can affect inmate status and incarceration placement.  18 U.S.C. § 3621(b)(2); *see also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 (3d Cir. 2005)*.*  And it can increase a federal sentence because of the mandatory minimum.  *See Alleyne v. United States*, 570 U.S. 99, 108 (2013) (holding that the elements of a § 924(c) conviction must be submitted to a jury because mandatory minimum sentences increase the penalty for a crime).  At its core, the elements clause is a powerful tool used to deter and punish the use of firearms during violent crimes.

The Supreme Court recently held that an attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A).  *Taylor*, 142 S. Ct. at 2021.  For that reason, Stoney urges us to construe his conviction as an attempted robbery.  But the record is clear: Stoney committed a completed Hobbs Act robbery.

## B.  FACTUAL BACKGROUND

On December 3, 2013, three armed men in black ski masks entered a Cracker Barrel restaurant in Harrisburg, Pennsylvania with one goal: to steal money.  To achieve their goal, the men robbed the victims at gunpoint.  Stoney and his co-defendants stashed over $8,000 in a Cracker Barrel bag, but police were tipped off when a victim hiding in the bathroom called 911.  The robbers fled, but were ultimately arrested in a nearby wooded area.  Police discovered a nine-millimeter handgun approximately ten feet away from where Stoney was

found. Stoney's gun was loaded with 17 rounds and had one round in the chamber. The stolen cash and two other guns were also recovered. When interviewed by the police, Stoney admitted his involvement and identified his co-defendants.

As a result, a federal grand jury charged Stoney with Hobbs Act robbery and the Use of a Firearm During a Crime of Violence. *See* 18 U.S.C. §§ 2; 1951; 924(c)(1)(A). The § 924(c) firearm charge referenced the Hobbs Act robbery as the predicate offense, based on two theories of liability: *Pinkerton* and aiding and abetting. The indictment did not specify the charge as a completed Hobbs Act robbery, but Stoney admitted on record to committing a completed gunpoint robbery. He now urges us to ignore reality and invent ambiguity where there is none.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction over Stoney's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. We have appellate jurisdiction under 28 U.S.C. § 2253(a) and (c). We review the District Court's legal conclusions with regard to Stoney's § 2255 motion de novo and its factual findings for clear error. *United States v. Prophet*, 989 F.3d 231, 234 (3d Cir. 2021).

## III. DISCUSSION

We must first discern what Stoney's predicate crime of violence is, and then whether that offense qualifies as a crime of violence under § 924(c)(3)(A). We address each issue in turn.

### A. PREDICATE OFFENSE FOR § 924(C) GUILTY PLEA

Stoney argues that his § 924(c) conviction fails to identify whether the predicate crime of violence is a completed or attempted Hobbs Act robbery. According to Stoney, he pleaded guilty only to the minimum conduct criminalized by the statute, specifically the now-invalid predicate of attempted Hobbs Act robbery. We disagree.

The inquiry into the underlying predicate crime of violence is fact-based. Without knowing *what* the crime is, we cannot determine *if* it qualifies as a crime of violence. Therefore, we must look not only at the indictment but also at the "plea agreement and the attendant factual proffer" to determine the predicate crime of violence for a § 924(c) guilty plea. *See In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (noting that Navarro's "plea agreement and the attendant factual proffer more broadly establish that his § 924(c) charge was predicated both on conspiracy to commit Hobbs Act robbery and drug-trafficking crimes.").

Several other Circuit courts have addressed this issue.[3] Those courts have also held that the record may establish the

---

[3] *See United States v. Cannon*, 987 F.3d 924, 949–50 (11th Cir. 2021) (finding the defendant committed a § 924(c) predicate offense based on the "complete factual record" including "trial testimony and recordings"); *United States v. Crawley*, 2 F.4th 257, 267 (4th Cir. 2021) (looking to the statement of facts

predicate crime for a § 924(c) guilty plea. We join those Circuits.

The record here is clear: Stoney committed a completed Hobbs Act robbery. At his change of plea proceeding, he admitted to using a loaded gun during the holdup. Stoney and his co-defendants stole over $8,000 from the restaurant. There is therefore no question that Stoney's § 924(c) conviction is predicated on a completed Hobbs Act robbery, which "has as an element the . . . use of physical force against the person . . . of another." § 924 (c)(3)(A). We refuse to treat his conviction as an attempted robbery.

### B. COMPLETED HOBBS ACT ROBBERY

Alternatively, Stoney argues that his conviction, based on *Pinkerton* liability and accomplice liability, does not qualify under § 924(c)(3)(A). We disagree. We need not address *Pinkerton* or accomplice liability, because he was not an aider or abettor, nor was he merely a co-conspirator. Since there is no question that Stoney personally committed a completed Hobbs Act robbery, these theories of liability are not relevant. We therefore join the unanimous Circuit authority in holding that a completed Hobbs Act robbery qualifies as a crime of

accompanying the plea agreement to determine the predicate crime); *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (looking to the plea agreement and attendant factual proffer, which established the § 924(c) predicate crime); *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989) ("Hunter's admission to the court that he possessed 88 grams of cocaine and had trafficked in the drug, the government's proffer of proof to that effect, and Hunter's guilty plea were sufficient to establish Hunter's guilt of a drug trafficking offense as an element of the offense under section 924(c)(1).").

violence under § 924(c)(3)(A), a question left open after *Taylor.* 142 S. Ct. at 2020 ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause.") (emphasis in original).

To determine whether a particular offense qualifies as a crime of violence under § 924(c)(3)(A), we must apply the categorical approach. *See Taylor*, 142 S. Ct. at 2020. The categorical approach precludes any inquiry into the underlying facts or analysis of how a defendant committed the crime. Instead, courts "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's [ ] offense[], and *not* 'to the particular facts underlying [the offense].'" *Descamps v. United States*, 570 U.S. 254, 261 (2013) (emphasis in original) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Therefore, "[t]he only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020. Here, "to win a conviction for a *completed* robbery the government must show that the defendant engaged in the 'unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force.'" *Id.* (quoting 18 U.S.C. § 1951(b)) (emphasis in original).

Prior to the *Taylor* decision, this Court held that a completed Hobbs Act robbery is a valid § 924(c) predicate. *United States v. Walker*, 990 F.3d 316, 326 (3d Cir. 2021), *vacated on other grounds*, 142 S. Ct. 2015, 2021 (2022).[4] That

---

[4] *See also United States v. Monroe*, 837 F. App'x 898, 900–01 (3d Cir. 2021); *United States v. Rodriguez*, 770 F. App'x 18, 23 (3d Cir. 2019); *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019); *United States v. Styles*, No. 19-3217, 2022

finding was also unanimous among our sister Circuits.[5] *Taylor* does not change our position.

The Hobbs Act criminalizes a robbery that "obstructs, delays or affects" interstate commerce, 18 U.S.C. § 1951(a), by "the unlawful taking or obtaining of personal property from the person . . . by means of actual or threatened force, or violence, or fear of injury." § 1951(b); *see also Taylor*, 142 S. Ct. at 2020. The key inquiry in applying the categorical approach here is whether a completed Hobbs Act robbery requires proof of "the use, attempted use, or threatened use of physical force." § 924(c)(3)(A). It does. This is the crucial difference between attempted and completed robbery.

Three other Courts of Appeals—the Fourth, Eighth, and Tenth Circuits—have addressed this issue post-*Taylor* and found that a completed Hobbs Act robbery qualifies as a crime

---

WL 34126 at \*3 (3d Cir. Jan. 4, 2022); *United States v. White*, 678 F. App'x 80, 82 (3d Cir. 2017); *United States v. McLean*, 702 F. App'x 81, 89 (3d Cir. 2017).

[5] *See United States v. Torres-Correa*, 23 F.4th 129, 133 (1st Cir. 2022); *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020), *vacated on other grounds*, 142 S. Ct. 2015 (2022), *aff'd in part by* 48 F.4th 1040 (9th Cir. 2022); *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *In re St. Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016).

of violence.[6]  We agree and hold that a completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A).

## IV.

Stoney's efforts to escape punishment fall short.  He cannot avoid the inevitable: using a gun during a violent crime will earn a defendant extra time.  His § 924(c) guilty plea clearly establishes that his conviction is predicated on a completed Hobbs Act robbery, which is a crime of violence. We will affirm.

---

[6] *See United States v. Baker,* 49 F.4th 1348, 1360 (10th Cir. 2022) (holding that *Taylor* does not implicate the court's previous holding in *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018), and a completed Hobbs Act robbery qualifies as a crime of violence); *United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) (holding in an unpublished, per curiam decision that although "the Supreme Court recently held that attempted Hobbs Act robbery is not a crime of violence, the plea agreement established that [defendant] pleaded guilty to completed Hobbs Act robbery, which is a crime of violence") (internal citation omitted); *United States v. McRae*, No. 21-4186, 2022 WL 3715084, at *2 (4th Cir. Aug. 29, 2022) (holding in an unpublished, per curiam decision "that both Hobbs Act robbery and armed bank robbery constitute crimes of violence"); *United States v. Whitfield*, No. 19-4173, 2022 WL 2526670, at *1 (4th Cir. July 7, 2022) (holding in an unpublished, per curiam decision that "this court has firmly established that Hobbs Act Robbery is a valid § 924(c) predicate").