**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1384
_____

UNITED STATES OF AMERICA

v.

DONNIE SMITH,

                                    Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cr-00350-001)
District Judge:  Honorable Jan E. DuBois
_____

Argued on November 16, 2022
_____

Before: AMBRO*, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: June 21, 2023)

---

* Honorable Thomas L. Ambro assumed senior status on February 6, 2023.

Robert C. Patterson          [**Argued**]
3513 Southwood Drive
Easton, PA 18045
    *Counsel for Appellant*

Robert E. Eckert, Jr.
Bernadette A. McKeon     [**Argued**]
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
    *Counsel for Appellee*

_____

**OPINION**[**]

_____

KRAUSE, *Circuit Judge*.

On appeal of his convictions for Hobbs Act robbery, 18 U.S.C. § 1951(b)(1), and for carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), Appellant Donnie Smith contends (1) that the District Court committed plain error by failing to instruct the jury that Hobbs Act robbery requires a specific intent to permanently deprive a victim of her property, (2) that there was insufficient evidence at trial to sustain his convictions under both the Hobbs Act and § 924(c), and (3) that Hobbs Act robbery does not qualify as a "crime of violence" for the purposes of § 924(c). For the reasons explained below, each of these arguments is unavailing, so we will affirm.

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.    DISCUSSION[1]

### A.    The *Mens Rea* for Hobbs Act Robbery

Smith first argues, almost entirely by reference to co-appellant Abid Stevens's brief,[2] that Hobbs Act robbery requires proof of a specific intent to permanently deprive. Because Smith failed to object to the District Court's general-intent instruction at trial, we review for plain error, *United States v. Dobson*, 419 F.3d 231, 236 (3d Cir. 2005) (citations omitted), and find none here.  As we explained in affirming Stevens's conviction, Hobbs Act robbery requires only that a defendant act with general intent, the minimum mental state "necessary to separate wrongful conduct from otherwise innocent conduct."  *United States v. Stevens*, No. 21-2044, 2023 WL 3940121, at *4 (3d Cir. June 12, 2023) (internal quotation marks omitted) (quoting *Carter v. United States*, 530 U.S. 255, 268–69 (2000)).  The District Court therefore did not err, much less plainly err, by instructing the jury that a conviction under the Hobbs Act requires only that a defendant "knowingly and willfully" commit "robbery," as expressly defined by the Act.  *See* Stevens App. 1142–43; *Stevens*, 2023 WL 3940121, at *5.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.  Smith was also convicted for unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  He does not challenge that conviction on appeal.

[2] Co-appellants Stevens and Maurice Quinn also appeal their respective convictions—*United States v. Abid Stevens* (21-2044); *United States v. Maurice Quinn* (21-2174)—but we resolve those appeals separately.

### B. Sufficiency of the Evidence

Smith next asserts that there was insufficient evidence at trial to sustain his convictions under both the Hobbs Act and § 924(c). We review the "evidence in the light most favorable to the prosecution," and will only overturn a conviction if no "rational trier of fact could have found the essential elements of [a] crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Smith has not made the requisite showing for either conviction. To the contrary, his entire argument is premised on the incorrect notion that the Hobbs Act requires proof of a specific intent to permanently deprive. As explained, however, the Hobbs Act requires no such proof, as a defendant need only "knowingly and willfully" engage in an "unlawful taking of personal property from the person, or in the presence of another . . . by means of actual or threatened force." Stevens App. 1142–43; *see* 18 U.S.C. § 1951(b)(1). And there is no question Smith used actual and threatened force and used a firearm during the Hobbs Act robbery: he concedes that he both "pointed his gun at the clerk for the sole purpose of disarming him" and "took the clerk's gun," Opening Br. 23–24, and those concessions are consistent with the video footage in this case and the testimony adduced at trial.

The evidence was thus more than sufficient for a rational juror to conclude that Smith committed an unlawful taking by threat of force.[3] And because Smith's Hobbs Act

---

[3] Smith's further justification defense—that he only engaged in this forceful taking to protect his wife—does nothing to alter our conclusion. True, Smith's wife was present in the store at the outset of the robbery. But Smith first brandished his weapon and disarmed the clerk only *after* she had exited the store. As the Government correctly

evidence sufficiency claim fails, so too does his § 924 claim. Section 924(c) punishes "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Smith indisputably brandished a firearm here, so he instead predicates his § 924(c) challenge on his underlying Hobbs Act sufficiency claim. But for the reasons just explained, we have rejected that claim, so that ruling dooms his § 924(c) challenge.

C.      **Hobbs Act Robbery as a Crime of Violence**

Finally, Smith asserts that his Hobbs Act robbery conviction does not qualify as a valid "crime of violence" for the purposes of § 924(c). To qualify as a crime of violence, a crime must satisfy the statute's so-called "elements clause," which requires it to have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Here, Smith claims that "[t]he language of the statute confirm[s] that Hobbs Act robbery may be committed by means other than 'actual or threatened force.'" Opening Br. 19. While Smith's appeal was pending, however, we decided *United States v. Stoney*, where we held that *United v. Taylor*, 142 S. Ct. 2015 (2022)—a recent Supreme Court ruling that attempted Hobbs Act robbery does not satisfy the elements clause—"[did] not change our [pre-*Taylor*]

---

observed at trial, when Smith "ushered his wife out of the store, he ushered any justification defense right out of this case." Stevens App. 1115. Moreover, Smith actively encouraged co-defendant Quinn to "get all the money" and "take everything" from the cash register, further undermining his justification claim. Stevens App. 182, 414.

5

position" that "completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)." 62 F.4th 108, 113–14 (3d Cir. 2023). Because *Stoney* squarely forecloses Smith's crime of violence argument, we will affirm his § 924(c) conviction.

## II.    CONCLUSION

For the foregoing reasons, we will uphold Smith's convictions and will affirm the judgment of the District Court.