**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-1179 & 22-1714
_____

UNITED STATES OF AMERICA

v.

NAMIR WHITE,
also known as NA,
　　　　　　Appellant in No. 22-1179


UNITED STATES OF AMERICA

v.

DARRELL WYLIE,
also known as Rell,
　　　　　　Appellant in No. 22-1714
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Nos. 2:17-cr-00617-002 & 2:17-00617-001)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 21, 2024

Before: RESTREPO, FREEMAN, and McKEE, *Circuit Judges*

(Opinion filed: December 18, 2025)

_____

OPINION[*]
_____

FREEMAN, *Circuit Judge*.

A jury convicted Namir White and Darrell Wylie of crimes including robbery, theft, and firearm offenses. Both defendants challenge their convictions, and White also challenges his sentence. For the following reasons, we will affirm both judgment and conviction orders.[1]

**I**

Between April and August 2017, White sold eleven guns to a cooperating informant (CI) who was working with agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). White made those sales to the CI in nine separate transactions, and the CI paid for the guns with ATF funds. As part of an investigation into gun violence in South Philadelphia, ATF agents monitored and audio and video recorded each of White's gun sales to the CI. The agents also monitored and recorded the CI's phone calls and text messages arranging the transactions with White.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] After these appeals were submitted to the Court, we appointed the Federal Public Defender Office for the Western District of Pennsylvania as amicus counsel to address one of the issues Wylie raised in his pro se brief. We thank amicus counsel for their service to the Court.

In October 2017, Wylie sold two guns to the same CI in two separate transactions. As with the sales from White, ATF agents provided the money for those transactions and monitored and recorded them.

In November 2017, White and Wylie jointly agreed to sell the CI three more guns. They agreed upon a price of $3,200, and ATF agents provided the cash to the CI. On the arranged date, the CI met White and Wylie in White's car, handed the $3,200 in cash to White, and received a bag from Wylie. The bag contained pieces of metal instead of guns. Seeing no guns in the bag, the CI asked for the money back, but Wylie refused to return it. When the CI continued to ask for the money, Wylie pulled out a gun, pointed it at the CI, and threatened to shoot the CI if he did not get out of the car. The CI feared for his life but thought Wylie would not shoot him while inside White's car, so he refused to get out.

Eventually, Wylie got spooked by an undercover police vehicle and left White's car, taking the $3,200 with him. With Wylie gone, the CI fled the car and met the ATF agents who had been listening to the interaction. Shortly thereafter, the agents who were following White's car arrested White. They later found Wylie near his suspected residence and arrested him, too. At the time of Wylie's arrest, he had a loaded gun, twenty packets of fentanyl-laced heroin, and $3,200 in cash on his person. The gun was in his waistband, and the packets of drugs were in his underwear.

A grand jury returned an eighteen-count second superseding indictment charging White and Wylie with various offenses. As particularly relevant to this appeal, both defendants were charged with robbery that interferes with interstate commerce and aiding

3

and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2 ("Hobbs Act robbery"), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (the "crime-of-violence § 924(c) count").[2] Wylie was also charged with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (the "drug-trafficking § 924(c) count").[3]

At trial, the government presented video and audio recordings of the gun sales, text messages and recordings of phone calls arranging the gun sales, and the guns. It also presented testimony from the CI, ATF agents, and a narcotics-trafficking expert who testified that Wylie's possession of drugs was consistent with drug distribution, not personal use.

During closing arguments, the prosecutor remarked that the defendants "were involved in possibly having these firearms as far as they knew go onto the streets of South Philadelphia with the mayhem that could have resulted." App. 784. White objected to this remark, arguing that it injected fear into the minds of the jurors. He

---

[2] Both defendants were also charged with theft of government property and aiding and abetting, in violation of 18 U.S.C. §§ 641 and 2.

[3] Wylie's remaining charges were three counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). White's other charges were for dealing in firearms without a license, in violation of 18 U.S.C. § 924(c)(1), and nine counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

4

moved for a mistrial, which the District Court denied. The District Court also declined to issue a curative instruction.

The jury found the defendants guilty of all charges.

At White's sentencing, the District Court applied a Sentencing Guidelines enhancement based on White's two prior Pennsylvania convictions for possession with intent to distribute drugs. *See* U.S.S.G. § 2K2.1(a)(4)(A). White did not object to the enhancement, and he was sentenced to 180 months' imprisonment.[4]

White and Wylie both timely appealed, and we permitted Wylie to proceed pro se for his appeal. After the parties filed their briefs, we appointed amicus counsel to address Wylie's argument regarding the force element of his Hobbs Act robbery conviction. We subsequently granted amicus counsel's request to brief an additional issue pertaining to the interstate commerce element of Wylie's Hobbs Act robbery conviction.

**II**[5]

White raises two arguments on appeal: (1) the District Court erred in denying his motion for a mistrial based on the prosecutor's remark during closing arguments; and (2) the District Court improperly applied the U.S.S.G. § 2K2.1(a)(4)(A) enhancement. Neither argument is availing.

---

[4] Wylie was sentenced to 204 months' imprisonment. He does not challenge his sentence on appeal.

[5] In both cases, the District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review the convictions pursuant to 28 U.S.C. § 1291 and to review a sentence pursuant to 18 U.S.C. § 3742.

5

## A.

We review the denial of a motion for a mistrial for abuse of discretion. *United States v. Savage*, 85 F.4th 102, 124 (3d Cir. 2023). When the motion was based on a prosecutor's remarks in a closing argument, we evaluate whether the remarks were improper and assess any improper remarks for harmless error. *Id.* Here, we need not address whether the remarks were improper because they were harmless. As White admits, "the weight of the evidence most definitely weighs against him and likely dooms his appeal." White Br. 20. He acknowledges the "avalanche of irrefutable video and audio evidence produced by the government," which amounted to "undeniable and largely uncontested evidence of guilt." *Id.* at 7–8. In the face of that evidence, the prosecutor's fleeting remark about the potential effects of the gun sales did not prejudice White, so the District Court did not abuse its discretion.

## B.

White did not object to the U.S.S.G. § 2K2.1(a)(4)(A) enhancement at sentencing, so we review its application for plain error. *United States v. Couch*, 291 F.3d 251, 252–53 (3d Cir. 2002). There was none.

This sentencing enhancement applies where a defendant has two prior convictions for "controlled substance offense[s]." U.S.S.G. § 2K2.1(a)(4)(A). White has two prior convictions for possession with intent to distribute a controlled substance in violation of 35 Pa. C.S. § 730:113(a)(30). He argues that those convictions do not qualify for the enhancement because the state statute is broader than the Guidelines' definition of a controlled substance. However, after White filed his brief, we held in *United States v.*

6

*Lewis* that "a 'controlled substance' under § 4B1.2(b) of the United States Sentencing Guidelines is a drug regulated by either state or federal law." 58 F.4th 764, 771 (3d Cir. 2023). Under *Lewis*, White's claim cannot succeed.

## III

Wylie raises three arguments on appeal: (1) his conviction on the crime-of-violence § 924(c) count is invalid; (2) the evidence at trial was insufficient to support the drug-trafficking § 924(c) count; and (3) the evidence at trial was insufficient to support his Hobbs Act robbery conviction. Additionally, amicus counsel has briefed a fourth argument pertaining to Wylie's case: (4) the evidence at trial was insufficient to support the jurisdictional element of the Hobbs Act robbery conviction. The first three arguments are unavailing, and we decline to reach the fourth.

## A.

Wylie argues that his conviction on the crime-of-violence § 924(c) count is invalid because the predicate was an attempted Hobbs Act robbery, not a completed Hobbs Act robbery. Attempted Hobbs Act robbery is not categorically a "crime of violence" under 18 U.S.C. § 924(c), *United States v. Taylor*, 596 U.S. 845, 860 (2022), while completed Hobbs Act robbery is a "crime of violence," *United States v. Stoney*, 62 F.4th 108, 112–13 (3d Cir. 2023). But the record here is clear that Wylie's crime-of-violence § 924(c) count was predicated on a completed Hobbs Act robbery. *See Stoney*, 62 F4th at 112 (concluding from a clear record that the defendant's § 924(c) predicate was a completed Hobbs Act robbery); *see also United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018)

7

(exercising plenary review of a determination that a conviction is "a crime of violence" under the Sentencing Guidelines).

The government presented evidence that Wylie pointed a gun at the CI, took the cash that the CI brought, and fled from the car with the cash. When the District Court charged the jury on Count 1 (Hobbs Act robbery), it instructed the jury to consider whether "the Defendant took from the victim alleged in the Indictment the property described in the Indictment." App. 865. It explained that the government needed to prove Wylie "unlawfully took the alleged victim's property against [the victim's] will." App. 866. And when the District Court charged the jury on Count 2 (the crime-of-violence § 924(c) count), it instructed the jury to consider whether Wylie committed the offense charged in Count 1 while using or carrying a firearm. Given this record, and absent any reference to an attempted robbery, Wylie's argument fails.

### B.

Wylie makes a twofold argument that the evidence at trial was insufficient to support his conviction on the drug-trafficking § 924(c) count. He challenges the sufficiency of the evidence that (1) he possessed the drugs for purposes of distribution and (2) he possessed the firearm in furtherance of that drug distribution.

Our review of sufficiency-of-the-evidence challenges is "highly deferential" to the jury's verdict. *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc). We "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[] beyond a reasonable doubt." *Id.* (alteration in original) (quoting *United States v. Brodie*, 403 F.3d

8

123, 133 (3d Cir. 2005)). We may only set aside the jury's verdict "if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam).

Wylie has not met this standard. The government's narcotics-trafficking expert testified that the way the drugs were packed, bundled, and stamped; the total quantity of drugs Wylie possessed; the absence of any drug-consumption paraphernalia on Wylie's person; and Wylie's possession of a firearm all were consistent with drug trafficking. Based on this testimony, it was reasonable for the jury to find that Wylie possessed the drugs for purposes of distribution.

In the second part of his argument, Wylie contends that the evidence showed he possessed the firearm to "facilitate the swindling of money from the CI over a firearm purchase" rather than for drug trafficking. Wylie Br. 12. But to convict him on the drug-trafficking § 924(c) count, the trafficking need not have been the sole reason for his possession of the firearm; as long as drug trafficking was one reason, his § 924(c) conviction stands. *See United States v. Williams*, 464 F.3d 443, 447–48 (3d Cir. 2006) (observing that the jury reasonably could have found that the defendants used firearms "at least in part" to further their drug-trafficking offense).

To determine whether the evidence "demonstrate[s] that possession of the firearm advanced or helped forward a drug trafficking crime," we consider factors including the accessibility of the firearm, whether the possession was illegal, whether the firearm was loaded, the firearm's proximity to drugs, and the circumstances under which the firearm was found. *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004), *as*

9

*amended* (Aug. 3, 2004).  Here, Wylie illegally possessed a loaded firearm that was found on his person and in close proximity to twenty packets of drugs packed for distribution.  Based on that evidence, it was reasonable for a jury to find that at least one purpose of the firearm possession was to further the drug-trafficking offense.

C.

Supported by briefing from amicus counsel, Wylie argues that the government did not present sufficient evidence of the force element of Hobbs Act robbery.  His argument is largely based on evidence that he took the cash from the CI *before* threatening to use force against the CI. [6]  Given that order of events, Wylie argues that he did not commit an unlawful taking "by means of" force or threatened force, as required by the Hobbs Act.  *See* 18 U.S.C. § 1951(b)(1) (defining "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property").

Wylie did not raise this aspect of the sufficiency challenge in the District Court, so we review it for plain error. [7] *United States v. Williams*, 974 F.3d 320, 340 (3d Cir. 2020).

---

[6] Wylie also argues that the government failed to prove that the CI experienced fear or felt threatened.  But the CI testified that he feared for his life when Wylie pointed a gun at him and threatened to shoot him.  That testimony is sufficient to support the jury's finding that Wylie used "actual or threatened force, or violence, or fear of injury."  18 U.S.C. § 1951(b)(1).

[7] Construing his pro se brief liberally, Wylie made this argument in his opening brief on appeal.  After Wylie's and White's appeals were submitted on the parties' briefs, we

10

Under that standard, we cannot reverse a judgment unless there is (1) an error that (2) is plain and (3) affects substantial rights. *Id.* If those three conditions are satisfied, we have discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

After reviewing the excellent briefs from amicus counsel and the government, we are confident that if there was an error (which we need not decide), it was not plain. *See United States v. Dorsey*, 105 F.4th 526, 529 (3d Cir. 2024) ("An error is 'plain' if it is 'clear or obvious, rather than subject to reasonable dispute.'" (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009))).

In construing certain federal robbery offenses, we have looked to the ordinary meaning of the word "robbery." We did so when addressing the federal bank robbery statute, *United States v. Williams*, 344 F.3d 365, 375 (3d Cir. 2003), which we recently observed is "virtually identical" to the Hobbs Act robbery statute, *United States v. Stevens*, 70 F.4th 653, 659 (3d Cir. 2023).[8,9] We explained that, under the ordinary

appointed amicus counsel, who provided detailed briefing on Wylie's argument. White then filed a motion to adopt the arguments in amicus counsel's brief. White's motion is denied, as he forfeited any issues that he did not raise in his own opening brief. *See Geness v. Cox*, 902 F.3d 344, 355 (3d Cir. 2018).

[8] *See* 18 U.S.C. § 2113(a) (stating that an individual commits bank robbery if he, "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another" the property of a bank or similar institution).

[9] We are unpersuaded by amicus counsel's argument that *Stevens* supports Wylie's position. In *Stevens*, we clarified that Hobbs Act robbery requires an unlawful taking of property but does not require the carrying away of the property. 70 F.4th at 658–59. We did not address whether force used after an unlawful taking suffices for a conviction.

meaning of robbery, "a bank robbery is not concluded when the offender pockets the goods, but continues to the point where the robber has removed and relocated the goods." *Williams*, 344 F.3d at 375. Similarly, the Model Penal Code states that an individual commits robbery if "in the course of committing a theft" he inflicts injury, threatens injury, or commits or threatens to commit a felony, and "[a]n act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." Model Penal Code § 222.1(1) (2002).

It would be logical (or at least subject to reasonable dispute) to apply the same principles to Hobbs Act robbery. And doing so would mean Wylie's crime did not conclude until Wylie fled White's car with the money—after he threatened the CI with a gun. A reasonable jury could find that Wylie used the threat of force in the commission of the robbery. Applying *Williams* there is sufficient evidence to support the Hobbs Act robbery conviction. On these facts, and absent clear authority supporting Wylie's position, any error was not plain.

## D.

Amicus counsel also briefed a challenge to the interstate commerce element of Wylie's Hobbs Act robbery conviction. Applying the party-presentation rule, we will not address that argument because Wylie did not raise it (or anything resembling it) in his appellate brief. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation . . . [and] 'rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" (quoting *Greenlaw v. United States*, 554 U.S. 237,

243 (2008))). Moreover, because Wylie waived his right to counsel for this direct appeal, his pro se status does not support a departure from the party-presentation rule. *See id.* (noting that departures from the party-presentation rule have occurred in criminal cases to protect a pro se litigant's rights, and citing *Castro v. United States*, 540 U.S. 375 (2003)—a collateral challenge in which the pro se litigant had no right to counsel).

*       *       *

For the reasons set forth above, we will affirm both judgment and conviction orders.