# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

Nos. 21-1539 and 21-1540

UNITED STATES OF AMERICA

v.

DONALD A. SCOTT, A/K/A DC & CHANCE D. BONNER,
*Appellants*

_____

Appeal from U.S. District Court, M.D. Pa.
Judge Christopher C. Connor, Nos. 1:09-cr-00072-001 through 002

Before: CHAGARES, *Chief Judge*, MONTGOMERY-REEVES, and MCKEE, *Circuit Judges*
Submitted Mar. 9, 2026; Decided Apr. 23, 2026

NONPRECEDENTIAL OPINION[1]

MONTGOMERY-REEVES, *Circuit Judge*.  This consolidated appeal concerns whether two juries impermissibly convicted Appellants Donald A. Scott and Chance D. Bonner of possessing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c) without a valid predicate offense.[2]  For the reasons that follow, we will affirm in part, reverse in part, and remand to the District Court for proceedings consistent with this opinion.

_____

[1] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

[2] Scott and Bonner were both granted limited certificates of appealability by this Court. We consolidated the appeals for disposition because Scott and Bonner were jointly charged under a Count warranting appeal.  They both appeal the District Court's denial of 28 U.S.C. § 2255 motions.  We have jurisdiction to consider the denial under 28 U.S.C. §§ 1291, 2253, and 2255, and the District Court had jurisdiction under 28 U.S.C. § 2255.

Two alleged robberies contextualize this appeal. First, on February 1, 2008, Scott—but not Bonner—threatened Montaye Kitt at gunpoint, stole his iPod, and forcibly entered his apartment to take valuables. Second, on March 22, 2008, Scott and Bonner together threatened Eric Clark Jr. at gunpoint, demanded drugs and money, threatened to kill Clark's youngest child, and put a gun in Clark's face. The pair then took off Clark's jacket, searched it, dropped it on the ground after finding nothing valuable, and fled the scene.

For their alleged conduct, the Government charged Scott and Bonner with possessing firearms in furtherance of "crimes of violence" under 18 U.S.C. § 924(c)[3] (collectively, the "§ 924(c) Offenses"). As for the predicate crimes of violence, the Government charged Scott and Bonner with completed robbery, attempted robbery, and aiding and abetting robbery under the Hobbs Act[4] (collectively, the "Hobbs Act Offenses"). *See* 18 U.S.C. § 1951; 18 U.S.C. § 2. Scott and Bonner were tried separately.

At the close of each trial, the District Court instructed each jury as to the elements of the § 924(c) and Hobbs Act Offenses. Regarding the § 924(c) Offenses, the District Court instructed each jury that either completed Hobbs Act robbery, attempted Hobbs Act robbery, or aiding and abetting Hobbs Act robbery, could serve as the predicate crime of violence necessary to convict under § 924(c). And each jury-verdict form allowed each

---

[3] It brought Count 5 against Scott for possessing a gun during the alleged robbery of Kitt and Count 7 against Scott and Bonner for possessing guns during the alleged robbery of Clark.

[4] It brought Count 4 against Scott for the alleged robbery of Kitt and Count 6 against Scott and Bonner for the alleged robbery of Clark.

jury to convict for the Hobbs Act Offenses without specifying whether it found Scott or Bonner guilty of completed, attempted, or aiding and abetting Hobbs Act robbery, which each jury did. On appeal, Scott and Bonner argue that the juries' lack of specificity regarding their Hobbs Act verdicts necessitates reversal of the § 924(c) verdicts.

To convict on the § 924(c) Offenses, the Government had to prove a qualifying predicate crime of violence. Until 2022, completed robbery, attempted robbery, and aiding and abetting Hobbs Act robbery were considered crimes of violence capable of sustaining a § 924(c) charge. *See United States v. Taylor*, 596 U.S. 845, 860 (2022); *United States v. Stoney*, 62 F.4th 108, 111, 113 (3d Cir. 2023); *United States v. Stevens*, 70 F.4th 653, 661–63 (3d Cir. 2023). So, in 2009 when Scott and Bonner were convicted, there was nothing untoward about a jury instruction that failed to differentiate between whether the pair "commit[ted], or attempted to commit, or aided and abetted the commission of, a Hobbs Act robbery." Appendix 28a–33a. All roads led to a predicate crime-of-violence conviction.

In 2022, however, the Supreme Court held that *attempted* Hobbs Act robbery does not qualify as a "crime of violence" capable of serving as a predicate offense under § 924(c). *Taylor*, 596 U.S. at 852; *Stoney*, 62 F.4th at 111, 113. *Taylor* therefore rendered it significant whether the juries convicted Scott and Bonner of completed robbery, attempted robbery, or aiding and abetting Hobbs Act robbery; if the juries relied on attempted Hobbs Act robbery to convict on either Hobbs Act Offense, then the associated

§ 924(c) Offense must be vacated.[5]  But vacating a conviction is proper only if the federal court has "grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict.'"  *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 627 (1993)).  In assessing "grave doubt," we consider the record as a whole and analyze whether we "think that the error substantially influenced the jury's decision."  *Id.*

With respect to the Kitt robbery, the record establishes that Scott robbed Kitt at gun point, and Scott dispossessed him of his iPod and other electronics in his apartment.  The Hobbs Act defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession."  18 U.S.C. § 1951(b)(1).  We have no grave doubt that a jury would have understood the Kitt robbery was a completed robbery without a need for clarifying instruction from the District Court.  We therefore will affirm the guilty verdict relating to the Kitt robbery (Count 5).

With respect to the Clark robbery, we need not engage in a lengthy analysis.  The Government concedes that there is reason to doubt that the juries understood Scott and

---

[5] While there is a "general rule of nonretroactivity for cases on collateral review," *Teague v. Lane*, 489 U.S. 288, 307 (1989), "[n]ew substantive rules generally apply retroactively." *Welch v. United States*, 578 U.S. 120, 128 (2016) (citing *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)).  New *substantive* rules are at issue here because *Taylor* "struck down part of a criminal statute that regulates conduct and prescribes punishment," *Welch*, 578 U.S. at 135, thereby "alte[ring] the range of conduct or the class of persons that the law punishes," *id.* (quoting *Schriro*, 542 U.S. at 353).

4

Bonner as having *completed* a robbery of Clark where nothing was taken from Clark during the altercation. In fact, the Government previously represented, and this Court accepted, that Bonner attempted to rob Clark. Recognizing this previous representation, the Government requests that we vacate the Count 7 guilty verdicts against Scott and Bonner.

We agree that the facts support the Government's proposed course of action. We have grave doubts that a jury would have understood Scott and Bonner as having committed a completed Hobbs Act robbery by taking off Clark's jacket then leaving it behind. We will therefore reverse the District Court's denial of Scott and Bonner's 28 U.S.C. § 2255 motions and remand with instructions to vacate the guilty verdicts on Count 7 as to both Scott and Bonner. On remand, we leave it to the District Court to decide whether resentencing is necessary.