**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3185
_____

UNITED STATES OF AMERICA

v.

KOREN JONES
a/k/a
KURON JONES,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:17-cr-00447-001)
U.S. District Judge:  Honorable Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 12, 2026
_____

Before: SHWARTZ, MASCOTT, and McKEE, Circuit Judges.

(Filed: May 14, 2026)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Koren Jones appeals his sentence for Hobbs Act robbery and firearm offenses. His counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). We agree and will grant the motion and affirm.

I

Over the course of two days, Jones committed two armed robberies and attempted a third. During the first incident, Jones pointed a gun at a grocery store cashier, shot a customer in the leg, and left with $200. The next day, Jones fired a gun at another grocery store cashier but missed him and left with $250. The same day, Jones pointed a gun at a deli cashier but, during a tussle, the gun discharged, and Jones fled without obtaining any money.

Jones was charged with Hobbs Act and attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Counts One, Three, and Five), and using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Counts Two, Four, and Six). Jones pleaded guilty and was sentenced to 420 months and one day imprisonment and five years' supervised release.

Jones appealed twice and was resentenced twice. After his first appeal, Jones pleaded guilty to all six counts and, in accordance with a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, was resentenced to 324 months' imprisonment and five years' supervised release. His second appeal followed, where he challenged his § 924(c) convictions (Counts Two, Four, and Six) and argued that Hobbs Act robbery is

2

not a crime of violence. While that appeal was pending, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence, United States v. Taylor, 596 U.S. 845, 851 (2022), and, as a result, we vacated Jones's § 924(c) conviction related to his attempted Hobbs Act robbery charge and remanded for resentencing.[1]

During the resentencing, the District Court acknowledged that it could have imposed a sentence below the 324-month term of imprisonment stipulated in the plea agreement, and Jones's counsel advocated for a sentence below the stipulated term given Jones's post-sentencing rehabilitation efforts. The parties agreed that the 324-month stipulation was no longer binding. The Court, after considering the violent nature of the crimes and Jones's rehabilitation efforts, nevertheless imposed the same 324-month term of imprisonment, which was below the Guidelines range of 360 to 390 months' imprisonment.

Jones appeals. His counsel moves to withdraw under Anders, identifies a potential issue for appeal, and explains that it provides no basis for overturning the sentence.[2]

## II[3]

### A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme

---

[1] Because a completed Hobbs Act robbery is a crime of violence, United States v. Stoney, 62 F.4th 108, 112 (3d Cir. 2023), the convictions for Counts Two and Four remained valid.

[2] Jones also filed a pro se brief.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988).

Court promulgated in Anders to [ensure] that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Rule 109.2(a) allows defense counsel to file a motion to withdraw and a supporting brief when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300. An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the Anders brief to see if counsel: (1) thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal; and (2) explained why those issues are frivolous. See United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022); United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). If the Anders brief meets these requirements, it guides our review, and we need not scour the record beyond the issues identified in the brief. See Langley, 52 F.4th at 569.

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues warranting appeal. First, the brief demonstrates a thorough examination of the record and identifies one issue: the reasonableness of Jones's sentence. Second, the brief explains why any challenge to the sentence's reasonableness would be frivolous. Counsel has thus fulfilled his Anders obligations, and we will proceed to review the issues counsel identified. See Youla, 241 F.3d at 300.

B[4]

Our independent review of the record accords with counsel's assessment. With respect to procedural reasonableness, the District Court followed the required sentencing framework by (1) correctly calculating the applicable Guidelines range based on the facts adduced at trial and Jones's criminal history, and (2) meaningfully considering and applying the § 3553(a) factors, including the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public, to provide Jones with education or vocational training, and to avoid sentencing disparities. See United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).[5]

The sentence was also substantively reasonable because we cannot say "no reasonable sentencing court would [not] have imposed" the same sentence "for the reasons the district court provided." Id. at 568. First, the sentence was below the applicable Guidelines range and is thus presumptively reasonable. See Rita v. United States, 551 U.S. 338, 347 (2007) (holding a sentence within the Guidelines range is presumptively reasonable); United States v. Liddell, 543 F.3d 877, 885 (7th Cir. 2008)

_____

[4] Because Jones did not object to the procedural reasonableness of his sentence before the District Court, we review any procedural challenge to his sentence for plain error. United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 46, 51 (2007).

[5] Furthermore, the sentence was within statutory limits. See 18 U.S.C. §§ 1951(a) (providing twenty-year maximum), 924(c)(1)(A)(iii) (providing ten-year minimum sentence if a firearm is discharged), 924(c)(1)(D)(ii) (requiring that any term of imprisonment imposed under the subsection be imposed consecutively to any other term of imprisonment imposed on the person).

5

("[I]t follows [from Rita] that a below-guideline sentence is also presumptively reasonable against an attack by a defendant claiming that the sentence is too high."). Second, Jones's sentence reflects consideration of the seriousness of his conduct— including that he shot a customer in the leg, shot at a cashier, and could have killed another cashier when his gun discharged during a tussle—as well as his "significant" efforts to rehabilitate himself while incarcerated. App. 201. Thus, any challenge to the substantive reasonableness of Jones's sentence is meritless.

C

Jones's pro se brief also presents no nonfrivolous issues. See Youla, 241 F.3d at 301. Jones's argument that there was an agreement to a two-year imprisonment term on the Hobbs Act robbery counts is belied by the record. The parties had previously agreed to a total term of "27 years' (324 months') imprisonment," without delineating the years for the Hobbs Act robbery counts, App. 33-34, but at the resentencing, the parties agreed they were not bound by the stipulated twenty-seven-year term agreed to in connection with the second resentencing. As a result, the District Court was free to restructure the sentence on the remaining counts and nonetheless imposed the same 324-month term of imprisonment. Second, contrary to Jones's argument, Pepper v. United States does not require a sentence reduction. 562 U.S. 476, 490, 504-05 & n.17 (2011) ("Of course, we do not mean to imply that a district court must reduce a defendant's sentence upon any showing of postsentencing rehabilitation."). Third, again contrary to Jones's argument, a court may reduce sentences for predicate offenses to mitigate the impact of § 924(c) mandatory minimums, but Dean v. United States does not require it to do so, 581 U.S. 62,

6

69 (2017) (stating § 924(c) does not limit a court's authority under § 3553(a) and related provisions to consider a sentence imposed under § 924(c) when calculating a "sentence for the predicate count").[6]

III

Because counsel thoroughly examined the record and identified no nonfrivolous grounds for appeal, we will grant counsel's motion to withdraw and affirm.

---

[6] In any event, the District Court effectively mitigated the impact of the § 924(c) mandatory minimums by imposing below-Guidelines sentences (eighty-four months, below the 120-150 Guidelines range) for the Hobbs Act robbery counts.